Filed 3/4/25  P. v. Vang CA5

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>SNUK VANG,<br><br>    Defendant and Appellant. | F087947<br><br>(Super. Ct. No. 23CRST000107)<br><br>**OPINION** |

<u>THE COURT</u>[*]

APPEAL from an order of the Superior Court of Fresno County.  James A. Kelley, Judge.

Allan E. Junker, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Levy, Acting P. J., Franson, J. and Snauffer, J.

## INTRODUCTION

Appellant and defendant Snuk Vang (appellant) was ordered to register as a sex offender (Pen. Code,[1] § 290) after he pleaded no contest to two counts of violating section 288, subdivision (a). The trial court later denied his petition to terminate his registration because it found he failed to complete the required minimum time period for registration.

On appeal, appellant's counsel filed a brief that summarized the facts with citations to the record, raised no issues, and asked this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436.) Appellant has not filed a supplemental brief. We affirm.

## PROCEDURAL BACKGROUND

On November 16, 1999, appellant (born 1970) pleaded no contest to two counts of committing lewd or lascivious acts on a child under the age of 14 years (§ 288, subd. (a)), with both offenses occurring in 1997. The trial court dismissed the other charges and allegations.

On August 15, 2000, the trial court sentenced appellant to the midterm of six years for the first count, and a consecutive term of two years (one-third the midterm) for the second count, for an aggregate term of eight years. The court stayed execution of sentence for three years and ordered appellant to register as a sex offender (§ 290).

On October 22, 2003, appellant admitted he violated probation. The terms of probation were modified to require serving 30 days in custody.

In December 2005, appellant pleaded guilty to felony criminal threats (§ 422). On January 23, 2006, the abstract of judgment was filed that showed probation was revoked in appellant's prior case for the section 288, subdivision (a) convictions, and he was

---

[1] All further statutory citations are to the Penal Code.

sentenced to six years for the first count of violating section 288, subdivision (a), two years for the second count, and a concurrent term of two years for the criminal threats conviction.

## REGISTRATION REQUIREMENTS & TERMINATION

When appellant was ordered to register as a sex offender, registration was required for life. (*People v. Franco* (2024) 99 Cal.App.5th 184, 190 (*Franco*).) In 2017, the Legislature amended the sex offender registration statutes "to create a three-tiered system, with offenders in each tier presumptively obligated to register for different periods of time depending on the degree of risk they pose to the community." (*Id*. at p. 191.)

Appellant's convictions for violating section 288, subdivision (a), commission of a lewd or lascivious act on a child under the age of 14 years, placed him in Tier 2 that has a minimum registration period of 20 years. (§§ 290, subd. (d)(2)(A), 667.5, subd. (c)(6); *People v. Thai* (2023) 90 Cal.App.5th 427, 430, 432; *Franco*, *supra*, 99 Cal.App.5th at pp. 191, 195.) As will be discussed below, an offender in Tier 2 may file a petition to terminate registration under certain circumstances pursuant to sections 290 and 290.5.

## APPELLANT'S PETITION

On December 21, 2023, appellant filed a petition to terminate his sex offender registration status pursuant to section 290.5, and asserted he had not previously filed a petition, and the petition was being filed on or after his next birthday after July 1, 2021, following the expiration of the mandated minimum registration period. Appellant further asserted he had been designated by the Department of Justice to be in Tier 2, he had been registered for at least 20 years, he had not been convicted of a violent felony or a new offense requiring registration, and his prior offense involved one victim.

3

## Registration Checklist

On January 24, 2024, the Fresno Police Department filed a checklist report with the trial court as to appellant's statutory eligibility to terminate registration.[2] According to the department's report, appellant was not in custody, he did not have any pending charges that could extend the registration period or change his tier status, and he was not on probation, parole, or supervised release.

The police department's report further stated appellant's minimum mandated registration period for Tier 2 was 20 years, but appellant had spent a total of five years, one month, and two days in custody for a subsequent conviction. As a result, the minimum time period for the completion of appellant's required registration period was now 25 years, one month, and two days, that was calculated based on the mandated minimum period of 20 years plus the subsequent custodial time of five years, one month, and two days. The report concluded appellant was ineligible for termination because he had not completed the required minimum registration period.

## The People's Opposition

On February 14, 2024, the People filed opposition to appellant's petition and argued appellant failed to meet the mandatory minimum registration period for Tier 2. Appellant did not file a reply.

## The Trial Court's Order

On April 17, 2024, the trial court filed an order that summarily denied appellant's petition to terminate registration for two reasons. First, appellant was "in Tier 1 or Tier 2 and has not met the mandatory minimum registration period for that tier." Second, appellant was "in Tier 2 and has not met the following criteria for a 10-year registration

---

[2] When a sex offender files a petition to terminate registration, the petition must be served on the registering law enforcement agency, which must report to the trial court whether the offender has met the statutory requirements for termination. (§ 290.5, subd. (a)(1) & (2); § 290, subd. (e).)

exception in … section 290.5(b)(1) and (2): Victim under the age of 14 and [appellant] over the age of 21."

On April 24, 2024, appellant filed a timely notice of appeal.

## **DISCUSSION**

As noted above, appellant's counsel has filed a *Wende* brief with this court. The brief also includes counsel's declaration indicating that appellant was advised he could file his own brief with this court. By letter on December 9, 2024, we invited appellant to submit additional briefing. To date, he has not done so.

As noted above, appellant was in Tier 2 based on his convictions for violating section 288, subdivision (a), commission of a lewd or lascivious act on a child under the age of 14 years. He was subject to a 20-year minimum registration period. (§§ 290, subd. (d)(2)(A), 667.5, subd. (c)(6); *People v. Thai*, *supra*, 90 Cal.App.5th at pp. 430, 432; *Franco*, *supra*, 99 Cal.App.5th at pp. 191, 195.)

"The minimum time period for the completion of the required registration period in tier one or two commences on the date of release from incarceration, placement, or commitment, including any related civil commitment on the registerable offense." (§ 290, subd. (e).)

There is an exception that allows a Tier 2 offender to "petition the superior court for termination from the registry after 10 years from release from custody on the registerable offense" if he satisfies four statutory requirements, including that "the registerable offense involved *no more than one victim 14 to 17 years of age, inclusive*" and "the offender was *under 21 years of age* at the time of the offense." (§ 290.5, subd. (b)(1)(A) & (B), italics added.)

If the offender is not eligible for the exception, then "[a] person who is required to register pursuant to Section 290 and who is a tier one or tier two offender may file a petition in the superior court in the county in which the person is registered for

5

termination from the sex offender registry on or after their next birthday after July 1, 2021, *following the expiration of the person's mandated minimum registration period* ….'" (§ 290.5, subd. (a)(1), italics added; *Franco*, *supra*, 99 Cal.App.5th at p. 191.) "If the defendant does not 'meet the statutory requirements' for removal or has not properly served or filed their petition, the trial court may summarily deny the petition after 'stat[ing] the reasons' for doing so." (*Franco*, at p. 191.) The court's ruling is reviewed for an abuse of discretion. (*Id*. at p. 192.)

The trial court did not abuse its discretion in summarily denying appellant's petition. The court correctly found appellant was ineligible for the section 290.5, subdivision (b), exception to terminate registration within 10 years because he was convicted of the sexual molestation of a victim under the age of 14 years and, according to the petition, he was born in 1970 and committed the offenses in 1997, when he was 27 years old. The court also correctly found appellant failed to meet the mandatory registration period for Tier 2 as shown by the police department's report, that stated appellant had served an additional prison sentence of five years, one month, and two days, so that his total minimum registration period was more than 25 years.

After independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The trial court's order is affirmed.